UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MARIA E. ARROYO GONZALEZ et als.

Plaintiffs

v.                                        CIV. NO. 05-1552 (PG)

ALEX LOPEZ DEYNES, et als.

Defendants

## OPINION AND ORDER

Before the Court is co-defendants Alejandro Lopez Deyne ("Lopez"), Edna Rodriguez Colon ("Rodríguez") and their Conjugal Partnership's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(2) and 12(b)(6) (Docket No. 39). Plaintiffs Maria E. Arroyo-Gonzalez, Francisco Lagoa-Gaud and Lillian S. Lagoa-Bonilla by herself and as legal custodian of her father Lagoa-Gaud (collectively "Plaintiffs") have filed an opposition thereto (Docket No. 41). Co-defendants seek dismissal of all claims brought against them under the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"), 18 U.S.C. §§ 1961, 1962(c), 1962(d). For the reasons set forth below, this Court **DENIES** Co-defendants' motion. Also before the Court is Plaintiffs' "Motion to Compel" (Docket No. 49) pursuant to FED.R.CIV.P. 37, which the Court hereby **GRANTS IN PART AND DENIES IN PART.**

## BACKGROUND

Defendants Global Reach Trading Inc. ("Global"), Fondation Internationale Martin de Porres ("Fondation") and CODEPA USA, Inc. ("CODEPA") are entities with unknown places of incorporation. According to Plaintiffs' allegations, at the time of the events that bring about the present claim, said entities were supposed to find investors for its humanitarian causes and guaranteed investors high returns on their investments. All other individuals named as defendants are allegedly officers, representatives and/or agents of the

Civ. No. 05-1552 (PG)                                                    Page 2

aforementioned entities. Plaintiffs entered into investment agreements with
Global and/or Fondation that promised high yields and repayment. When
Defendants failed to make the promised interest payments and return the
principal invested by Plaintiffs, Plaintiffs filed this action claiming
Defendants lured them into entering into investment contracts and deprived
them of their assets through fraudulent means. With regards to Lopez's
involvement, Plaintiffs allege that, as family doctor for Plaintiff Maria E.
Arroyo-Gonzalez, Lopez introduced Plaintiffs into the investment scheme and
served as link between Plaintiffs and other Defendants.

On May 25, 2005, Plaintiffs filed the captioned complaint against Lopez,
Rodriguez, the Conjugal Partnership comprised between them, Global, Fondation,
CODEPA and others (collectively "Defendants"), seeking treble damages, costs
and attorney fees for alleged violations of the RICO Act, breach of contract,
negligence and unjust enrichment (Docket No. 1). Plaintiffs generally claim
that Defendants violated RICO § 1962(c) and § 1962(d) by engaging in acts of
mail fraud, wire fraud, racketeering, money laundering and securities fraud,
as well as conspiring to violate RICO § 1962(c). Defendants subsequently moved
to dismiss all RICO claims against them for failure to meet the pleadings
standard for claims brought under the RICO Act (Docket No. 39). In turn,
Plaintiffs filed an opposition to Defendant's motion to dismiss (Docket No.
41). On August 16, 2006, Plaintiffs filed an informative motion notifying the
Court that a parallel complaint, entitled Davila Uviles v. Rys Intern. Corp.,
Case No. 05-2163 (JAG), dealing with essentially the same facts as the present
case, was filed by other plaintiffs against mainly the same defendants.
Defendants Lopez and Rodriguez filed a motion to dismiss in said case as well
presenting the same arguments as the one filed in the captioned claim (Docket
No. 25). On August 10, 2006, the Court issued an Opinion and Order in Dávila
Uviles denying co-defendants Lopez and Rodríguez's request for dismissal. See
Docket No. 48.

Civ. No. 05-1552 (PG)                                                      Page 3

## DISCUSSION

### I. Standard of Review

When ruling on a 12(b)(6) motion, a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. <u>Berezin v. Regency Savings Bank</u>, 234 F.3d 68, 70 (1st Cir.2000). A complaint should not be dismissed unless it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. <u>Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc.</u>, 68 F.3d 525 (1st Cir.1995). In order to survive a motion to dismiss, he or she must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 515 (1st Cir.1988). *See* <u>Educadores Puertorriquenos en Accion v. Hernandez</u>, 367 F.3d 61, 68 (1st Cir.2004)("[T]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why")). The Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir.1996).

### II. Applicable Law and Analysis

In their motion to dismiss, co-defendants Lopez and Rodriguez argue that Plaintiffs have failed to state a claim on which relief can be granted because Plaintiffs' RICO allegations in the complaint either fail as a matter of law or are not pled with the particularity required by FED.R.CIV.P. 9(b). *See* Docket No. 39. Co-defendants Lopez and Rodriguez also argue that, with the dismissal of the federal RICO claim, this Court should decline to exercise supplemental jurisdiction over the remaining state law claims. *Id*. In their opposition, Plaintiffs aver that they sufficiently pled the required predicate acts to establish a RICO cause of action by claiming that Defendants engaged in a pattern of racketeering, including acts of illegal appropriation, fraud and conspiracy to defraud through the use of mail and wire communication.

Civ. No. 05-1552 (PG)                                                    Page 4

Plaintiffs also claim that, even if the Court concludes that the complaint needed to be pled with more particularity, Plaintiffs should be allowed to conduct discovery in order to amend the complaint. The issue before this Court is, thus, whether Plaintiffs' complaint sufficiently alleges that defendants Lopez and Rodriguez engaged in the predicate acts necessary to constitute a RICO cause of action.

The RICO Act provides for a private right of action for "any person injured in his business or property by reason of a violation of § 1962..." 18 U.S.C.A § 1964(c). In this case, Plaintiffs base their claim on RICO § 1962(c), which makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity..." 18 U.S.C. § 1962(c). The Act provides a list of what constitutes "racketeering activity" and defines a "pattern of racketeering activity" as at least two acts of racketeering activity. 18 U.S.C.A. §§ 1961 (1), (5). Fraud in the sale of securities is a "racketeering activity" as defined by the Act; however, RICO § 1964(c) states that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962" unless the individual charged with that conduct has been "criminally convicted in connection with the fraud...", 18 U.S.C. § 1964(c). In addition to the RICO § 1962(c) claim, Plaintiffs also allege that Lopez and Rodriguez conspired to violate RICO in violation of RICO Act § 1962(d), which states the following: "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C.A. § 1962(d).

The Federal Rules of Civil Procedure require plaintiffs to set forth a "short and plain" statement of their claims for relief in the complaint. *See* FED.R.CIV.P. 8.  However, in all averments of fraud, the circumstances

constituting said fraud shall be stated with particularity. *See* FED.R.CIV.P. 9(b). The First Circuit has held that in civil RICO claims alleging mail or wire fraud, FED.R.CIV.P. 9(b) applies and, thus, a plaintiff must plead those acts with specificity. To plead with specificity in RICO, the plaintiff must go beyond a showing of fraud and state the time, place and content of the alleged mail and wire communication perpetrating that fraud. *See* <u>Hernandez v. Ballesteros</u>, 333 F.Supp.2d 6, 11 (D.P.R.2004) (*citing* <u>New England Data Servs. Inc. v. Becher</u>, 829 F.2d 286, 290-291 (1st Cir.1987)).

     In the case at bar, Plaintiffs allege that they have suffered damages as a result of various acts of mail fraud, wire fraud, securities fraud, racketeering, money laundering and conspiracy to defraud. *See* Docket No. 1. When dealing with essentially the same facts as the case before this Court, District Judge Garcia-Gregory, in <u>Davila Uviles v. Rys Intern. Corp.</u>, Civil Case No. 05-2163 (JAG), issued an Opinion and Order denying co-defendants Lopez and Rodriguez's request for dismissal. *See* Docket No. 48. With regards to Plaintiffs' RICO claim of securities fraud against Lopez and Rodriguez, District Judge Garcia-Gregory determined that "since the complaint does not allege that either Lopez or Rodriguez has ever been convicted of securities fraud, plaintiffs' RICO claim cannot rest on such an alleged predicate act." <u>Davila Uviles v. RYS Intern. Corp.</u>, 443 F.Supp.2d 233, 237 (D.P.R., 2006). The Court also found that plaintiffs' assertion that defendants engaged in racketeering activity involving the predicate act of racketeering to be nothing more than tautology and, accordingly, disregarded the allegation. *Id.* After examining the complaint, the Court also determined that the mail and wire fraud allegations were not pled with the requisite particularity and thus could not be relied on to maintain the RICO § 1962(c) action. *Id.* Specifically, after careful review of the complaint, the Court found that the time, the place, the location and the content of the allegedly fraudulent mail and wire communications in which co-defendants Lopez and Rodriguez were

allegedly involved remained uncertain. Concerning the money laundering allegations, the Court found that plaintiffs' complaint sufficiently alleged a pattern of racketeering activity involving predicate acts of money laundering since, unlike mail and wire fraud, allegations of money laundering are not subject to the particularity requirement of FED.R.CIV.P. 9(b). Finally, regarding the § 1962(d) allegations, the Court found that the complaint sufficiently alleged that Lopez participated in a conspiracy to defraud plaintiffs. The Court finally concluded that in a RICO mail and wire fraud case dismissal should not be automatic once the lower court determines that FED.R.CIV.P. 9(b) was not satisfied. *See Becher*, 829 F.2d at 291. The Court then resolved that the case warranted the allowance of discovery and the subsequent opportunity to amend the complaint with respect only to the mail and wire fraud allegations. *Davila Uviles*, 443 F.Supp.2d at 239.

In light of the virtually identical issues of fact between the case at bar and the case under District Judge Garcia-Gregory's consideration, his accurate determinations of fact and sound findings of law in his Opinion and Order, and the fact that the arguments raised by co-defendants in the motions to dismiss filed in both cases were practically the same, we see no reason not to follow District Judge Jay Garcia-Gregory's Opinion and Order. For the foregoing reasons, and having reviewed the motion, plaintiffs' opposition, the record of the case and the applicable law, this Court **DENIES** Co-defendants Lopez and Rodríguez's motion to dismiss (Docket No. 39). The Court further grants plaintiffs sixty (60) days to conduct discovery and amend the complaint with respect to the use of mail and interstate wire.

<u>CONCLUSION</u>

For the reasons outlined above, this Court **DENIES** Co-defendants Lopez and Rodríguez's motion to dismiss and grants plaintiffs sixty (60) days to conduct discovery and amend the complaint with respect to the use of mail and interstate wire. This Court also **GRANTS IN PART AND DENIES IN PART** plaintiffs'

Civ. No. 05-1552 (PG)                                                    Page 7

motion to compel discovery (Docket No. 49). Co-defendants Lopez and Rodriguez are ordered to make the initial disclosures as ordered herewith. However, they will not be imposed the sanctions requested by petitioners.

Additionally, in accordance with District Judge García Gregory's Order in Civil Case No. 05-2163 (JAG) (*See* Docket No. 62), co-defendants Lopez and Rodriguez are hereby also advised that until a bankruptcy petition is filed, this case continues its normal course, and they must comply with all discovery requests as ordered herewith.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 26, 2006.

                              S/ JUAN M. PEREZ-GIMENEZ
                              SENIOR U. S. DISTRICT JUDGE